# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2109

_____

In re:  Robert Hatcher;                          *
     Ruth Ann Hatcher,                        *
                                              *
         Debtors.                          *
                                              *
----------------------------------------         *
                                              *
Robert Hatcher; Ruth Ann Hatcher,                *
                                              *
         Appellants,                       *
                                              *   Appeal from the United States
        v.                                *   Bankruptcy Appellate Panel
                                              *
U.S. Trustee,                                    *
                                              *        [UNPUBLISHED]
         Trustee-Appellee,                 *
                                              *
Allison Financial Corporation,                   *
                                              *
         Creditor-Appellee.                *

_____

Submitted:  March 9, 1999

Filed:  March 17, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD and MORRIS SHEPPARD
ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Robert E. Hatcher and Ruth Ann Hatcher appeal from a final order entered in the United States Bankruptcy Appellate Panel for the Eighth Circuit affirming the decision of the United States Bankruptcy Court[1] for the Southern District of Iowa dismissing their Chapter 11 case for cause pursuant to the United States Bankruptcy Code, 11 U.S.C. § 1112(b). In re Hatcher, 218 B.R. 441 (B.A.P. 8th Cir. 1998), aff'g No. 96-42248-WH (Bankr. S.D. Iowa July 21, 1997).

For reversal, appellants argue that the bankruptcy appellate panel erred in holding that they could not bring a fraudulent conveyance action based upon state law, pursuant to 11 U.S.C. § 544(b), and thereby avoid their prior real estate transaction, regardless of their actions in the transaction and adverse state court judgments. In addition, appellants argue that the bankruptcy appellate panel erred in holding that they filed their Chapter 11 petition in bad faith.

The facts are fully set forth in the opinion of the bankruptcy appellate panel. We have carefully reviewed the record and affirm the order of the bankruptcy appellate panel. We agree that claim preclusion barred litigation in bankruptcy of appellants' claim that the transfer of their real estate property to Allison Financial Corp. constituted a fraudulent conveyance under Iowa state law. See 218 B.R. at 446-47. Appellants' fraudulent conveyance claim is identical to the reformation, fraudulent misrepresentation and breach of fiduciary duty claims which they raised and litigated unsuccessfully against Allison Financial Corp. and other defendants in the Iowa state courts. See Hatcher v. Allison Financial Corp., No. 66958 (Iowa Dist. Ct. Jan. 13, 1995), aff'd, Nos. 6-139 & 95-246 (Iowa Ct. App. July 26, 1996), review denied, No. 95-246 (Iowa Oct. 4, 1996) (order).

---

[1]The Honorable Russell J. Hill, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa.

Accordingly, we affirm the order of the bankruptcy appellate panel.  <u>See</u> 8th Cir. R. 47B.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.